AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br><br>JORGE ANDRES AGUILAR MERO,<br>DANIEL CORREA CARTENAS, and<br>SEGUNDO GONZALO LUCAS VELIS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>8:20MJ1884SPF |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ September 4, 2020 _____ in the county of _____ Hillsborough _____ in the
_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, and Conspiracy with intent to distribute five (5) kilograms or more of cocaine to import into the United States. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Juan A Torres*
_____
*Complainant's signature*

Special Agent, Juan A. Torres, CGIS
_____
*Printed name and title*

Sworn to before me ~~and signed~~ *by telephone* ~~in my presence.~~

Date: __9/15/2020__

_____
*Judge's signature*

City and state: _____ Tampa, Florida _____

SEAN P. FLYNN, U. S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Juan A. Torres, being duly sworn, depose, and state:

### Introduction and Agent Background

1.      I am a Special Agent with the Coast Guard Investigative Service ("CGIS"), and have been employed by CGIS since 2013. Since August of 2020, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution to other persons.

2.      From 2017 through 2020, I was assigned to the U.S. Department of State, U.S. Embassy Panama, as a member of the Coast Guard Support to Interdiction and Prosecution (CG-SIP) team where I assisted Panamanian law enforcement agencies and judicial entities to improve their prosecutorial

imprint and maritime operation procedures. Prior to being assigned to the CG-SIP, I served from 2013 through 2017 as CGIS Special Agent at the Resident Agent Office in Baltimore, MD, where I conducted internal and external investigations for felony violations under the Uniform Code of Military Justice. From 2010 through 2013, I was assigned to the USCG International Training Division (ITD) where I traveled to countries around the globe providing training in maritime law enforcement. Prior to my assignment at ITD, I served from 2007 through 2010 at the USCG Tactical Law Enforcement Team South (TACLET) in Miami, FL, where I deployed aboard U.S. and allied naval vessels to carry out Counter Narcotics Operations.

## Statutory Authority

3.      I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about September 04, 2020, while aboard a vessel subject to the jurisdiction of the United States, the defendants, JORGE ANDRES AGUILAR MERO, DANIEL CORREA CARTENAS and SEGUNDO GONZALO LUCAS VELIS, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation

2

of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4.    The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

### Probable Cause

5.    The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 522 (formerly codified at 14 U.S.C. § 89) to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6.    On or about September 04, 2020, while on routine patrol in the Eastern Pacific ocean in international waters, the USS PINCKNEY helicopter detected an unknown Go-Fast-Vessel (GFV), in international waters, approximately 350 nautical miles Southwest of the Mexico and Guatemala border. The GFV was suspected of illicit maritime activity because of the type

of vessel, its location on a known drug-smuggling route, the presence of fuel barrels and packages visible on board, and the lack of indicia of nationality. As the USS PINCKNEY helicopter approached the GFV it observed the crew members jettisoning multiple packages attached via a line next to the GFV. The jettisoned packages remained afloat and there were still multiple packages on deck. After the GFV failed to stop upon officer presence and warnings, the USS PINCKNEY helicopter utilized disabling fire to cause the GFV to become dead-in-the-water.

7.      Coast Guard Law Enforcement Detachment (LEDET) 408, embarked on the USS PINCKNEY, was deployed and gained positive control of the GFV without incident. The boarding team identified the following crewmembers on board the suspect GFV: JORGE ANDRES AGUILAR MERO and SEGUNDO GONZALO LUCAS VELIS both from Ecuador, and DANIEL CORREA CARTENAS from Colombia.

8.      The Coast Guard boarding team asked the persons aboard the GFV both as a group and individually (1) whether any of them were the master or person in charge of the vessel and (2) whether any of them wished to claim of nationality. None of the men admitted to being the master or person in charge and none of them made a claim of nationality. Since the GFV displayed a homeport of Manta, Ecuador on the hull, the U.S. Coast Guard

4

approached the government of Ecuador pursuant to the United States-Ecuador Bilateral Agreement, and requested confirmation of the registry and nationality of the subject GFV. The Ecuadorian Government could neither confirm nor deny the nationality of the GFV. Therefore and in accordance with 46 U.S.C. § 70502(c)(1)(A), (d)(1)(B), and (d)(1)C), the U.S. Coast Guard treated the subject GFV as one without nationality and therefore a vessel subject to the jurisdiction of the United States. At the time of interdiction by the Coast Guard, the subject GFV was seaward of the territorial seas of any nation and in international waters.

9.    The USCG boarding team proceeded to conduct a law enforcement boarding. The boarding team recovered 44 bales from the vessel. A narcotic identification test kits (NIK) was performed yielding positive result for cocaine. The at-sea weight of the cocaine recovered was 880kgs. The USCG boarding team seized the cocaine, detained the three crew members and transferred them over to the USS PINCKNEY.

<u>Conclusion</u>

10.    Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, JORGE ANDRES AGUILAR MERO, DANIEL CORREA CARTENAS and SEGUNDO GONZALO LUCAS VELIS, while aboard a

5

vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

_____ *Juan A. Torres*
Juan A. Torres
Juan A. Torres
Special Agent, CGIS

*by telephone*

Sworn to before me in Tampa, Florida
this 15th day of September, 2020.

_____
THE HONORABLE SEAN P. FLYNN
United States Magistrate Judge

6